## Grace Ervin, Appellee, v. Peoria Railway Company, Appellant.

### Gen. No. 5,731.

CARRIERS—*contributory negligence.* Plaintiff arose and went on the foot board of a moving street car trailer in the middle of a block and was thrown by swaying of the car. *Held,* that the company was not guilty of negligence, and that plaintiff's contributory negligence caused the injury.

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the October term, 1912. Reversed with finding of fact. Opinion filed March 12, 1913.

PINKNEY & McROBERTS, for appellant.

ELMER J. SLOUGH, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

Appellee recovered a judgment against appellant for $750 for personal injuries alleged to have been caused by appellant's negligence.

Appellee was a passenger on a trailer drawn by a motor car on appellant's railway. The trailer had an aisle in the center, and also foot boards along each side, with access from each seat to the foot boards. Shortly after leaving a street appellee gave a signal to the conductor, which he had a right to interpret as meaning that she wished to alight at the next street. She then got up, pushed by another passenger and walked out onto the foot board, and fell in, or nearly in the middle of the block, and received injuries. She claims the trailer jerked and thus threw her off. The jerking if there was any, was caused by the movements of the motorman at the front end of the motor car. His duty was to face forward. He could not see

appellee on the foot board. The trailer had a loose connection with a motor car and there may very easily be some inequality of movement of the trailer, which appellee would call jerking. The conductor had no means of preventing the motor car from accelerating its speed. If he rang the bell for the motorman that would mean to stop at the next street, and would not be a signal that there should be any change of speed in the middle of the block.

We fail to see how appellant can be called guilty of any negligence in the manner it ran this car in the middle of the block even under the testimony of appellee.

The testimony very strongly preponderates that the car was not jerked, and also that it was running six or eight miles an hour. If appellee went on the foot board in the middle of the block, it was her duty to have hold of some handle by which she could retain her place on the car, notwithstanding any swaying that might occur. She said she took hold of something, but did not say what, and it is manifest she did not take any hold which would enable her to retain her upright position on the foot board.

We are of the opinion that it is clearly shown by the evidence that she was guilty of contributory negligence in the manner in which she got up and stood upon the foot board at that place, remote from the place where she would have the right to alight. She claims she was not trying to step off of the car at that place, but the evidence tends to show she was.

*Judgment reversed with finding of fact.*

Finding of fact to be incorporated in the judgment: We find that appellant was not guilty of the negligence charged in the declaration, and that appellee was guilty of contributory negligence which caused her injury.